

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

**SHAY SHERWOOD,**

Plaintiff,

v.

**BETTER TAX RELIEF, LLC;**

**MARINA OHL;**

**JOHN DOE CALLERS 1–10;**

and

**JOHN DOE ENTITY DEFENDANTS 1–5,**

Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Shay Sherwood ("Plaintiff"), appearing pro se, sues Defendants Better Tax Relief, LLC, Marina Ohl, John Doe Callers 1–10, and John Doe Entity Defendants 1–5 (collectively, "Defendants"), **for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059**, and alleges as follows:

## I. PARTIES

1. Plaintiff Shay Sherwood is a natural person and resident of the State of Florida.

2. Defendant Better Tax Relief, LLC ("Better Tax Relief") is a limited liability company engaged in the business of marketing and selling tax resolution and tax relief services to consumers throughout the United States, including Florida.

3. Defendant Marina Ohl is, upon information and belief, an officer, agent, employee, or authorized representative of Better Tax Relief who participated in, directed, authorized, ratified, or materially assisted in the telemarketing conduct alleged herein.

2

4. Defendants John Doe Callers 1–10 are unknown individuals who, acting as agents, employees, or contractors of Better Tax Relief, placed or caused the placement of the unlawful calls described in this Complaint.

5. Defendants John Doe Entity Defendants 1–5 are unknown business entities that participated in, controlled, facilitated, or materially assisted the unlawful telemarketing campaign alleged herein, including but not limited to dialing vendors, lead generators, and call center operators.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and Plaintiff received the unlawful calls in this District.

3

## III. FACTUAL ALLEGATIONS

9. At all times relevant to this action, Plaintiff was the subscriber and customary user of a cellular telephone number ending in **3068**.

10. Plaintiff's cellular telephone number has been registered on the **National Do Not Call Registry** for many years prior to the calls complained of herein.

11. Plaintiff has never provided Defendants with prior express consent, express written consent, or any other form of consent to receive telemarketing calls, prerecorded messages, or automated calls.

12. Beginning on or about **August 1, 2025**, and continuing through at least **December 26, 2025**, Defendants placed **at least 50 unsolicited telemarketing calls** to Plaintiff's cellular telephone number.

13. The calls were made using an artificial or prerecorded voice and/or an automated telephone dialing system.

14. Many of the calls resulted in prerecorded voicemail messages being left on Plaintiff's cellular telephone.

4

15. The prerecorded messages falsely claimed that Plaintiff's file had been flagged due to unresolved tax issues, past-due payments, missing filings, or balances owed to the Internal Revenue Service.

16. The prerecorded messages further represented that Plaintiff was eligible for government-backed tax relief programs, IRS "fresh start" initiatives, or liability reduction programs, despite Plaintiff not owing any back taxes and not requesting any tax relief services.

17. The calls were uniform in content, cadence, and delivery, demonstrating the use of prerecorded scripts and automated dialing technology.

18. The prerecorded messages routinely instructed Plaintiff to press a number to speak with a tax resolution officer or to return the call to toll-free numbers associated with Defendants.

19. Several of the calls falsely implied affiliation with or authorization from government agencies, including the Internal Revenue Service.

20. Plaintiff repeatedly informed Defendants, both through live conversations and by responding to prompts during the calls, that Plaintiff was not interested and demanded that the calls stop.

21. Despite these clear do-not-call requests, Defendants continued to place telemarketing calls to Plaintiff's cellular telephone.

22. When Plaintiff attempted to return certain calls, the callback numbers were invalid, nonfunctional, or failed to provide a meaningful opt-out mechanism.

23. On at least one occasion, Plaintiff selected an option during a prerecorded call to speak with a live agent in order to identify the source of the calls.

24. During that interaction, Plaintiff spoke with a live representative who requested Plaintiff's email address and immediately sent follow-up communications promoting tax relief services offered by Better Tax Relief.

25. Plaintiff subsequently received direct follow-up communications from Defendant Marina Ohl, who identified herself as affiliated with Better Tax Relief and sought to continue discussions regarding tax relief services.

26. Defendant Marina Ohl later placed or caused the placement of additional calls to Plaintiff, further confirming Defendants' direct involvement in and ratification of the telemarketing campaign.

27. Defendants' calls were not isolated incidents, but part of a systematic and ongoing telemarketing campaign targeting consumers using prerecorded messages and automated dialing systems.

6

28. Plaintiff incurred nuisance, invasion of privacy, annoyance, and loss of the use and enjoyment of Plaintiff's cellular telephone as a result of Defendants' conduct.

29. A detailed log of the unlawful calls, including dates, times, originating numbers, and summaries of the prerecorded messages, is attached as **Exhibit A** and incorporated herein by reference.

## IV. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT  (47 U.S.C. § 227)

**Count I – Telephone Consumer Protection Act

47 U.S.C. § 227(b)

(Prerecorded Voice and Automated Calls to Cellular Telephone)**

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31. Defendants initiated or caused the initiation of telemarketing calls to Plaintiff's cellular telephone using an artificial or prerecorded voice and/or an automatic telephone dialing system.

7

32. Defendants placed **at least 50 calls** to Plaintiff's cellular telephone without Plaintiff's prior express consent.

33. Many of the calls resulted in prerecorded voicemail messages being left on Plaintiff's cellular telephone.

34. Defendants' calls were made for the purpose of marketing tax resolution and tax relief services.

35. Plaintiff never provided Defendants with prior express consent or express written consent to receive such calls.

36. Defendants' conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

37. Defendants acted willfully and knowingly in placing the unlawful calls, entitling Plaintiff to enhanced statutory damages.

**\*\*Count II – Telephone Consumer Protection Act**

47 U.S.C. § 227(c)

(National Do Not Call Registry Violations)\*\*

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

8

39. Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry for many years prior to the calls complained of herein.

40. Defendants placed telemarketing calls to Plaintiff's cellular telephone number despite its registration on the National Do Not Call Registry.

41. Defendants failed to maintain or honor an internal do-not-call list.

42. Plaintiff expressly demanded that Defendants stop calling.

43. Defendants continued to place telemarketing calls to Plaintiff after receiving Plaintiff's do-not-call requests.

44. Defendants' conduct violated 47 U.S.C. § 227(c) and the implementing regulations, including 47 C.F.R. § 64.1200.

45. Defendants acted willfully and knowingly, entitling Plaintiff to enhanced statutory damages.

**\*\*Count III – Telephone Consumer Protection Act**

47 U.S.C. § 227(c)

(Failure to Honor Internal Do-Not-Call Requests)\*\*

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff made multiple clear requests to Defendants to stop calling.

48. Defendants failed to honor Plaintiff's do-not-call requests and continued to place telemarketing calls.

49. Defendants' continued calls after receiving Plaintiff's requests demonstrate willful and knowing violations of the TCPA.

50. Defendants' conduct violated 47 U.S.C. § 227(c) and applicable federal regulations.

# V. VIOLATIONS OF THE FLORIDA TELEPHONE SOLICITATION ACT

(Fla. Stat. § 501.059)**

**Count IV – Florida Telephone Solicitation Act**

Fla. Stat. § 501.059(1)(a)

(Automated System Calls Without Consent)**

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52. Defendants placed or caused to be placed telephonic sales calls to Plaintiff using an automated system for the selection and dialing of telephone numbers.

53. Defendants placed **at least 50 calls** to Plaintiff's cellular telephone without Plaintiff's prior express written consent.

54. Plaintiff never provided Defendants with express written consent to receive telephonic sales calls using an automated system.

55. Defendants' conduct violated Fla. Stat. § 501.059(1)(a).

**Count V – Florida Telephone Solicitation Act**

Fla. Stat. § 501.059(1)(b)

(Prerecorded Telephonic Sales Calls)**

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as if fully set forth herein.

11

57. Defendants placed telephonic sales calls to Plaintiff using an artificial or prerecorded voice.

58. The prerecorded messages were used to market tax resolution and tax relief services.

59. Plaintiff did not provide prior express written consent to receive prerecorded telephonic sales calls.

60. Defendants' conduct violated Fla. Stat. § 501.059(1)(b).

**\*\*Count VI – Florida Telephone Solicitation Act**

Fla. Stat. § 501.059(1)(c)

(Failure to Honor Do-Not-Call Requests)\*\*

61. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

62. Plaintiff made multiple clear requests that Defendants stop calling.

63. Defendants failed to honor Plaintiff's do-not-call requests and continued placing telephonic sales calls.

64. Defendants' continued calls after receiving Plaintiff's requests demonstrate knowing and willful violations of the Florida Telephone Solicitation Act.

65. Defendants' conduct violated Fla. Stat. § 501.059(1)(c).

**\*\*Count VII – Florida Telephone Solicitation Act**

Fla. Stat. § 501.059(1)(d)

(Failure to Identify Seller)\*\*

66. Plaintiff realleges and incorporates by reference paragraphs 1 through 65 as if fully set forth herein.

67. Defendants failed to clearly and truthfully identify the seller on whose behalf the telephonic sales calls were made.

68. Defendants used generic descriptors such as "tax review unit" or "tax resolution department" and otherwise obscured the true identity of the seller.

69. Defendants' failure to properly identify the seller violated Fla. Stat. § 501.059(1)(d).

13

## VI. VICARIOUS LIABILITY

70. Plaintiff realleges and incorporates by reference paragraphs 1 through 69 as if fully set forth herein.

71. At all times relevant, Defendants Better Tax Relief, LLC and Marina Ohl acted individually and in concert with one another, and with John Doe Callers 1–10 and John Doe Entity Defendants 1–5, in the planning, authorization, execution, supervision, and ratification of the unlawful telemarketing campaign alleged herein.

72. The unlawful calls were placed by Defendants' agents, employees, contractors, and/or third-party vendors acting within the scope of their authority and for the benefit of Better Tax Relief.

73. Better Tax Relief exercised control over the content of the prerecorded messages, the telemarketing scripts, the selection of call recipients, and the objectives of the telemarketing campaign.

74. Better Tax Relief knew or should have known that the telemarketing campaign involved the use of prerecorded messages and automated dialing technology in violation of federal and state law.

14

75. Defendant Marina Ohl participated in, authorized, ratified, or materially assisted the telemarketing conduct by engaging in follow-up communications with Plaintiff, promoting tax relief services, and continuing contact after Plaintiff requested that the calls stop.

76. By accepting the benefits of the unlawful telemarketing campaign, including potential customer leads and engagement, Defendants ratified the acts of their agents and vendors.

77. Defendants are vicariously liable for the unlawful acts of their agents, employees, contractors, and vendors under principles of actual authority, apparent authority, and ratification.

## VII. DAMAGES

78. Plaintiff realleges and incorporates by reference paragraphs 1 through 77 as if fully set forth herein.

79. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered invasion of privacy, nuisance, annoyance, and loss of the use and enjoyment of Plaintiff's cellular telephone.

80. Defendants' violations of the Telephone Consumer Protection Act entitle Plaintiff to statutory damages of **$500 per violation**, and up to **$1,500 per violation** for each willful or knowing violation, pursuant to 47 U.S.C. § 227(b) and § 227(c).

81. Defendants' violations of the Florida Telephone Solicitation Act entitle Plaintiff to statutory damages as provided by Fla. Stat. § 501.059.

82. Defendants' conduct was willful, knowing, and intentional, warranting enhanced statutory damages under applicable law.

83. Plaintiff is entitled to injunctive relief prohibiting Defendants from engaging in further unlawful telemarketing practices.

## VIII. LEAVE TO AMEND

84. Plaintiff respectfully requests leave of Court to amend this Complaint to add additional parties, claims, factual allegations, or exhibits as discovery proceeds and as additional information becomes available.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, and grant the following relief:

A. Statutory damages for each violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, including enhanced damages for willful or knowing violations, as permitted by law;

B. Statutory damages for each violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, as permitted by law;

C. Injunctive relief prohibiting Defendants, their agents, employees, contractors, and all persons acting on their behalf from engaging in further unlawful telemarketing practices;

D. Costs of this action and such other relief as the Court deems just and proper.

## X. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**Shay Sherwood**

Plaintiff, Pro Se

3814 Rampart Dr

Orlando, FL 32812

407-963-3068

Email: mymozzarellapie@yahoo.com

## EXHIBIT LIST

Plaintiff intends to rely upon the following exhibits in support of the allegations set forth in this Complaint and reserves the right to supplement or amend this Exhibit List as discovery proceeds.

- **Exhibit A** – Call Log of Unsolicited Automated and Prerecorded Telemarketing Calls to Plaintiff's Cellular Telephone (At Least 50 Calls)

- **Exhibit B** – National Do Not Call Registry Confirmation for Plaintiff's Cellular Telephone Number Ending in 3068

18

- **Exhibit C** – Follow-Up Email from Marina Ohl Confirming Telephonic Contact and Promoting Tax Relief Services

- **Exhibit D** – California Secretary of State Business Registration for Better Tax Relief, LLC